IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **10-CV-03057-RPM-CBS**

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2010 DEC 16 PM 12:08

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

BRIAN STARR, on behalf of
himself and other similarly situated,

    Plaintiff,

v.

LOWE'S HIW, INC.,

    Defendant

---

## COMPLAINT & DEMAND FOR JURY TRIAL

---

Plaintiff, Brian Starr, on his own behalf and on behalf of those similarly situated ("Plaintiff"), was an employee of Defendant, Lowe's HIW, Inc. a Foreign Corporation ("Defendant"), and brings this action for unpaid overtime compensation, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### I.  NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of

commerce that double payment must be made in event of delay in order to insure restoration of worker to hat minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendant overtime compensat on, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every loss prevention manager who worked for the Defendant **nationwide** at any time within the past three (3) years.

## II. PARTIES

3. Plaintiff was a loss prevention manager and performed related activities for Defendant n Arapahoe County, Colorado.

4. Defendant, Lowe's HIW, Inc., operates and conducts business in Arapahoe County, C( lorado and therefore, venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b).

## III. JURISDICTION

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

6. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## IV. COVERAGE

7. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

8. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

2

9. At all material times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V. FACTUAL ALLEGATIONS

10. Defendant, Lowe's HIW, Inc., operates a chain of home improvement stores throughout the country.

11. Pursuant to Defendant's website (www.lowes.com), Defendant operates twenty-eight (28) stores in Colorado alone, and over 1,700 stores nationwide.

12. Plaintiff, Brian Starr, was employed by Defendant as a loss prevention manager.

13. Plaintiff worked for Defendant from 2006 to September 2009, and worked as a loss prevention manager in Littleton, Colorado from approximately mid-2008 to September 2009.

14. Plaintiff was paid a weekly salary by Defendant, regardless of the number of hours worked by him.

15. Defendant required Plaintiff, and other similarly situated loss prevention managers, to work a forty-eight (48) hours per week schedule.

16. However, even though these loss prevention managers regularly worked overtime hours, none were paid additional overtime compensation.

17. Based on information and belief, Defendant employs approximately one loss prevention manager per store.

18. Therefore, Defendant presently employs approximately 1,700 loss preventions managers nationwide.

19. Plaintiff, and these similarly situated loss prevention managers, did not supervise two (2) or more employees during their employment and also did not routinely give recommendations to hire or fire employees of Defendant.

20. Therefore, Plaintiff and the similarly situated loss prevention managers are not exempt under the executive exemption. *See.* 29 C.F.R. § 541.100.

21. Also, Plaintiff's and the similarly situated loss prevention managers' job duties did not entail the exercise of discretion and independent judgment with respect to matters of significance.

22. In fact, Plaintiff and these similarly situated loss prevention managers were not allowed to deviate from established policy and could only follow the manuals, policies and procedures of Defendant. Following these manuals, policies and procedures is not considered the use of discretion or independent judgment. *See* 29 C.F.R. § 541.202(e).

23. Therefore, Plaintiff and the similarly situated loss prevention managers are not exempt under the administrative exemption. *See* 29 C.F.R. § 541.200.

24. A review of Plaintiff's and the similarly situated loss prevention managers' job duties shows that these individuals are not exempt under any other FLSA exemption.

25. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff and these similarly situated loss prevention managers overtime compensation at a rate of time and one-half their regular rate of pay for hours worked over forty (40) in a workweek.

26. Defendant has employed and is employing other individuals as loss prevention managers who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

## VI.   COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff and the class members performed the same or similar job duties as one another in that they worked as loss prevention managers for Defendant.

28. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid on a flat, weekly salary basis and were not compensated at time and one-half their regular rate for all hours worked in excess of forty (40) hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

29. Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from Defendant's policy or practice that erroneously misclassified loss prevention managers as exempt from overtime compensation.

30. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All loss prevention managers who worked at Defendant's locations nationwide within the last three years who were classified as exempt and not compensated at time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek**

31.   Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

32.   Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

33.   During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for one or more workweeks without compensating such employees for their work at a rate of at least time and one-half their regular rate for all hours worked in excess of forty (40) hours in a work week.

34.   Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

### VII.   RECOVERY OF OVERTIME COMPENSATION

35.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

36.   Plaintiff, and those similarly situated loss prevention managers, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

37.   During their employment with Defendant, Plaintiff and those similarly situated loss prevention managers were misclassified as exempt and worked overtime hours but were not paid time and one-half compensation for same.

38.   As a result of Defendant's intentional, willful and unlawful acts in refusing to pay

6

Plaintiff and those similarly situated loss prevention managers time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and those similarly situated loss prevention managers have suffered damages plus incurring reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated loss prevention managers are entitled to liquidated damages.

40. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Brian Starr, on behalf of himself and those similarly situated, demands an Order awarding:

(a) payment of his and all class members overtime wages at the correct rate pursuant to 29 U.S.C. § 207(a)(1);

(b) an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b) or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

(c) declaratory relief pursuant to the DJA and FLSA finding that loss prevention managers who worked for Defendant within the last three years were not paid overtime compensation at a rate of time and one-half their regular rate for all hours worked as required by the Act:

(d) reasonable attorneys' fees and costs for all time worked by the attorneys of Morgan & Morgan, P.A., in prosecuting this case pursuant to 29 U.S.C. § 216(b);

Respectfully submitted this ___ day of December, 2010.

_____
Bernard R. Mazaheri, Esq.
Morgan & Morgan
20 N. Orange Ave., 16th Floor
Orlando, FL 32801
Telephone - (407) 420-1414
Email -BMazaheri@forthepeople.com
Counsel for Plaintiff

Brian Starr, Plaintiff
9618 West Chatfield Ave Unit F
Littleton, CO  80128